IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DIANA M. NICELY                        :

    v.                                :   Civil Action No. DKC 13-2827

SAFEWAY, INC.                          :

**MEMORANDUM OPINION AND ORDER**

On September 27, 2012, Plaintiff Diana M. Nicely commenced this action against her former employer, Defendant Safeway, Inc., by filing a complaint in the Circuit Court for Prince George's County, Maryland, alleging wrongful discharge in violation of the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.* ("the FMLA claim"), and Md. Code Ann., Lab. & Empl. § 9-1105 ("the workers' compensation claim").[1] Defendant was served on December 3, 2012, and timely filed an answer on February 1, 2013. On July 24, 2013, following discovery, Defendant moved for summary judgment as to both claims. Plaintiff filed opposition papers on September 18, 2013, and separately filed a notice of dismissal of the workers' compensation claim.

On September 25, 2013, Defendant removed to this court, citing federal question and diversity of citizenship as the

---

[1] Pursuant to Md. Code Ann., Lab. & Empl. § 9-1105(a), "[a]n employer may not discharge a covered employee from employment solely because the covered employee files a [workers' compensation claim]."

jurisdictional bases.  According to Defendant, "[a]lthough [it] was served with the [c]omplaint on December 3, 2012, removal was clearly improper under 28 U.S.C. § 1445(c) until Plaintiff's workers' compensation claim was voluntarily dismissed on September 18, 2013."  (ECF No. 4 ¶ 8).[2]  Thus, Defendant asserted, its notice of removal was timely because it was filed "within thirty (30) days after receipt by Safeway of Plaintiff's Notice of Dismissal of Count Two (Wrongful Discharge) of the Complaint, from which it was first ascertainable that the case is removable." (*Id.*).

Plaintiff timely filed the pending motion to remand on October 11, 2013, arguing that because the workers' compensation claim was never dismissed by court order prior to removal, Defendant's removal was barred by § 1445(c).  (ECF No. 69). Shortly after Defendant filed its opposition papers (ECF No. 70), the court issued a paperless order directing supplemental briefing regarding the potential application of 28 U.S.C. § 1441(c) (ECF No. 72).  Plaintiff filed a supplemental brief on November 14, 2013 (ECF No. 73), and Defendant responded on November 22, 2013 (ECF No. 74).

---

[2] Under 28 U.S.C. § 1445(c), "[a] civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States."

2

When the plaintiff challenges the propriety of removal, the defendant bears the burden of proving that removal was proper. *See Greer v. Crown Title Corp.*, 216 F.Supp.2d 519, 521 (D.Md. 2002) (citing *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994)). On a motion to remand, the court must "strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court." *Richardson v. Philip Morris Inc.*, 950 F.Supp. 700, 702 (D.Md. 1997) (internal quotation marks omitted). This standard reflects the reluctance of federal courts "to interfere with matters properly before a state court." *Id*. at 701.

"The federal removal statute allows a defendant to remove to federal district court 'any civil action brought in a State court of which the district courts of the United States have original jurisdiction.'" *Davis v. North Carolina Dep't of Corrections*, 48 F.3d 134, 138 (4th Cir. 1995) (quoting 28 U.S.C. § 1441(a)). As noted, Defendant invokes federal jurisdiction based on the presentation of a federal question and diversity of citizenship. Title 28, section 1331, provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." The court also has original jurisdiction, pursuant to 28 U.S.C. § 1332(a), "of all civil actions where the matter in controversy exceeds the sum or value of $75,000,

3

exclusive of interest and costs, and is between . . . citizens of different States."

Generally, a notice of removal must be "filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). Where "the case stated by the initial pleading is not removable," however, "a notice of removal may be filed within 30 days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Here, the parties agree that Plaintiff's workers' compensation claim arose under Maryland workers' compensation law such that § 1445(c) applies. *See Sandlass v. Sears, Roebuck and Co.*, 462 F.Supp.2d 701, 704 (D.Md. 2006) (finding identical claim "arises under the workmen's compensation laws of Maryland and is a non-removable action under 28 U.S.C. § 1445(c)"). Defendant contends, based on § 1446(b)(3), that its notice of removal was timely insofar as it filed a notice of removal within thirty days from which the case first became removable, namely when Plaintiff filed her notice of dismissal of the workers' compensation claim.

The question posed by the court relates to the potential effect of the 2011 amendment to 28 U.S.C. § 1441(c). Prior to amendment, that section provided:

> Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

28 U.S.C. § 1441(c) (2011). Thus, where a nonremovable claim was "separate and independent" from a claim presenting a federal question, the court had considerable discretion in deciding whether remand was appropriate. On December 7, 2011, however, Congress passed the Federal Court Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63, §§ 103(b), 104, 125 Stat. 758, 760, 762, which took effect on January 7, 2012, and amended, in part, several of the removal statutes, including 28 U.S.C. § 1441(c).[3] Section 1441(c) now provides:

> (c) Joinder of Federal law claims and State law claims. -- (1) If a civil action includes --
>
>     (A) a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and

---

[3] The complaint in this case was filed on September 27, 2012; thus, the amended statute was in effect as of the date of commencement.

5

> (B) a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute, the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).
>
> (2) Upon removal of an action described in paragraph (1), the district court shall sever from the action all claims described in paragraph (1)(B) and shall remand the severed claims to the State court from which the action was removed. Only defendants against whom a claim described in paragraph (1)(A) has been asserted are required to join in or consent to the removal under paragraph (1).

In addition to eliminating all discretion the court had under the prior version of the statute to consider an otherwise nonremovable state law claim, the amendment also excised the language requiring that the nonremovable claim be "separate and independent" from the federal claim. *See Bridges v. Phillips 66 Co.*, Civ. No. 13-477-JJB-SCR, 2013 WL 6092803, at *5 (M.D.La. Nov. 19, 2013) ("The current version of § 1441(c) no longer requires the 'separate and independent' claim analysis"); *Cohn v. Charles*, 857 F.Supp.2d 544, 546 n.1 (D.Md. 2012) (recognizing that "Section 1441(c) has been amended to remove the 'separate and independent' language"). In its place, Congress made a distinction between nonremovable claims that are not within the court's "original or supplemental jurisdiction" – as to which the "separate and independent" analysis would appear to remain

viable, *see Lanford v. Prince George's Cnty.*, 175 F.Supp.2d 797, 803 (D.Md. 2001) ("separate and independent" means "not supplemental") – and claims that have been "made nonremovable by statute" – as to which the "separate and independent" analysis would seem to have no application, *see generally Shaw v. Ring Power Corp.*, 917 F.Supp.2d 1221, 1223 (N.D.Fla. 2013) ("The new § 1441(c) applies more broadly to a case that includes both a claim that arises under federal law and either a claim that is not within a district court's original or supplemental jurisdiction 'or a claim that has been made nonremovable by statute.'").

With respect to claims made nonremovable under § 1445(c), one court described the import of the 2011 amendment to § 1441(c) as follows:

> In light of these revisions, § 1445(c)'s prohibition on removal and § 1441(c) now work in concert based on the inclusion of the language regarding claims made nonremovable by statute in subparagraph (1)(B). A workers' compensation claim plainly falls within the scope of subparagraph (1)(B) as it is a claim that has been made nonremovable by § 1445(c). Therefore the revised § 1441(c) expressly contemplates the exact scenario facing the Court in which a civil action contains both federal claims and non-removable claims. The revised statute unambiguously directs the Court in such a scenario to sever from the action the non-removable claim and remand that claim back to state court. *See e.g., Bivins v. Glanz*, No. 12-cv-103, 2012 WL 3136115, at *2 (N.D.Okla. Aug. 1, 2012)

7

> (acknowledging that under the amended version of § 1441(c), "the Court has no discretion to remand federal claims that are joined with a statutorily non-removable claim, such as a workers' compensation retaliation claim. Instead, the Court must sever and remand the nonremovable claim and retain all other removed claims that are within the Court's original or supplemental jurisdiction."); *Belyea v. Florida, Dept. of Revenue*, 859 F.Supp.2d 1272, 1276 (N.D.Fla. 2012) (noting that "party trying to sustain federal jurisdiction over the worker's compensation claim in this case will face substantial headwinds" in view of the fact that "Congress now has said that, going forward, a district court 'shall' remand a claim in precisely these circumstances.").

*Miley v. Housing Auth. Of City of Bridgeport*, 926 F.Supp.2d 420, 428-29 (D.Conn. 2013).

Defendant acknowledges that Plaintiff's workers' compensation claim was nonremovable under § 1445(c), but argues extensively in its supplemental papers that the "separate and independent" analysis continues to apply and that Plaintiff's workers' compensation claim is not "separate and independent" from her federal FMLA claim. While the latter of these arguments is persuasive, the former is not. As discussed above, even if one were to equate the current phrase "not within the original or supplemental jurisdiction" with the old "separate and independent," 1441(c) now provides an entirely separate category of claims that can make a civil action eligible for removal if it includes claims grounded in federal law: those

8

that have been made nonremovable by statute. The two categories are separated by the word "or," indicating that claims made nonremovable by statute do not also need to meet the other prong, namely "not within the original or supplemental jurisdiction" of the federal district courts. Indeed, to read the statute to attach the modifiers "separate and independent" or "not within original and supplemental jurisdiction" to the new category would make this new category superfluous because claims not within the original or supplemental jurisdiction of the federal courts are already nonremovable by statute, specifically sections 1331 and 1367 of title 28. Such a reading would not only do a disservice to the words of the statute, but would also introduce superfluity, something that is disfavored. *See Duncan v. Walker*, 533 U.S. 167, 174 (2001) ("It is our duty to give effect, if possible, to every clause and word of a statute."). A reading of the statute that treats the two categories as independent is supported by a majority of courts that have considered the presence of a nonremovable workers' compensation claim as part of a civil action that includes a federal claim. These courts have severed and remanded the state law claims without regard to whether the state law claim is related to the federal claim. *See Turbe v. Whirlpool Corp.*, No. 13-CV-0466-CVE-PJC, 2013 WL 5675958, at *1 (N.D.Okla. 2013) (citing *Miley*, 926 F.Supp.2d at 428; *Shaw*, 917 F.Supp.2d at

1223). Cases holding otherwise arrive at their conclusions after consulting the legislative history of the 2011 amendments, *see, e.g., F.D.I.C. v. Citigroup Mortg. Loan Trust, Inc.*, No. 2:12-CV-790-WKW, 2013 WL 3967993, at *2 (M.D.Ala. Aug. 1, 2013) (finding legislative history "suggests the separate-and-independent requirement survived the recent amendment intact," even as to claims made nonremovable by statute), but such a path goes against clear instructions of the Supreme Court of the United States that "reliance on legislative history is unnecessary in light of the statute's unambiguous language," *Milavetz, Gallop & Milavetz, P.A. v. United States*, 559 U.S. 229, --- n.3, 130 S.Ct. 1324, 1332 n.3 (2010).

Consistent with the holdings in the majority of cases and accepted principles of statutory interpretation, the instant case was removable under § 1441(c), as amended, within thirty days of the date of service – December 3, 2012 – pursuant to 28 U.S.C. § 1446(b)(1). Thus, Defendant's removal on September 26, 2013, was untimely.

To the extent Defendant continues to argue that removal was proper based on diversity of citizenship within thirty days after Plaintiff's dismissal of the workers' compensation claim – assuming that dismissal was effective – it appears to rely on the so-called "revival exception," which some courts have found permits a second opportunity for removal under limited

10

circumstances. *See Wilson v. Intercollegiate (Big Ten) Conference Athletic Ass'n*, 668 F.2d 962, 965 (7th Cir. 1982). Assuming such a right would be recognized by the United States Court of Appeals for the Fourth Circuit, "judicial revival of removal rights is allowed in only two circumstances":

> First, revival may be allowed when the amended complaint "so changes the nature of [the] action as to constitute substantially a new suit begun that day." [*Wilson*, 668 F.2d] at 965 (internal quotations omitted). Second, revival may be allowed if it appears that the plaintiff sought "to mislead the defendant about the true nature of his suit and thereby dissuade him from removing it, includ[ing] in his initial complaint filed in state court an inconsequential but removable federal count unlikely to induce removal and then, after the time for removal had passed without action by the defendant, amended the complaint to add the true and weighty federal grounds that he had been holding back." *Id*.

*Valley Mgmt., Inc. v. Boston Road Mobile Home Park Tenants Ass'n*, 736 F.Supp.2d 344, 349 (D.Mass. 2010). Because neither of those circumstances applies here, Defendant was not entitled to remove Plaintiff's federal claim based on diversity of citizenship, under § 1446(b)(3), after it failed to file a timely notice of removal based on federal question jurisdiction, under § 1446(b)(1). *See Wilson*, 668 F.2d at 965 (citing general rule that "if a case filed in a state court, though removable to federal court, is not removed by petition filed within 30 days

11

of the receipt of the complaint, it is not removable thereafter").

While Defendant's deadline to remove this case was thirty days after the date of service, thereby making its removal untimely, such a failure of timeliness "does not implicate the court's subject matter jurisdiction. Rather, it is merely an error in the removal process. As a result, a plaintiff who fails to make a timely objection waives the objection." *Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 203 (4th Cir. 2006); *see also Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 197 (4th Cir. 2008); *Wilson v. Gottlieb*, 821 F.Supp.2d 778, 781 (D.Md. 2011) (failure to remove timely is not jurisdictional and is waivable by the parties).

Plaintiff's motion to remand did not object to the timeliness of Defendant's removal petition; instead, she grounded her motion in the argument that the workers' compensation claim had not been dismissed by the state court, thereby preserving the non-removability of this case under 28 U.S.C. § 1445. (ECF No. 69). As discussed above, the recently amended 1441(c) permits the removal of a case that includes a federal question claim and a nonremovable workers' compensation claim. In such a scenario, the workers' compensation claim shall be severed and remanded to the state court. Whether or not the workers' compensation claim remains part of the case

12

goes only to the issue of whether it needs to be remanded to the state court. The federal court always had jurisdiction over the federal claim if Defendant chose to remove. Consequently, Plaintiff failed to object to the timeliness of Defendant's removal. This failure waives the issue of timeliness. As timeliness is a procedural and not jurisdictional issue, Plaintiff's motion to remand will be denied.

The final question is whether the nonremovable workers' compensation claim is still part of this case that must be severed and remanded to the state court pursuant to 1441(c). Defendant sought dismissal of this claim as part of its motion for summary judgment filed in state court on July 25, 2013. (ECF No. 47, at 28 ("Plaintiff presented absolutely no evidence that Plaintiff was discharged for filing a Worker's Compensation Claim and Count II should be dismissed.")). In her opposition filed September 18, 2013, Plaintiff stated that "[t]he wrongful discharge is not addressed because it is being dismissed," (ECF No. 60, at 27), and filed a notice of dismissal of the workers' compensation claim in state court on the same day (ECF No. 61). The state court never acted on that notice. Defendant filed its notice of removal on September 25, 2013. On September 26, 2013, Plaintiff filed a withdrawal of her notice of dismissal in state court. Plaintiff argues that Maryland Rule 2-506 states that, after an answer has been filed in an action, a party cannot

13

enter a dismissal without an order of court. Plaintiff contends that the state court has entered no such order; consequently, Plaintiff asserts that the workers' compensation claim remains part of her case and should be remanded to state court.

Plaintiff's argument is unconvincing for two reasons. As an initial matter, 28 U.S.C. § 1446(d) explicitly states that "the State court shall proceed no further" once removal is effected. Once the case is removed, the state court no longer has jurisdiction and any post-removal actions taken by the state court would be void. *Ackerman v. ExxonMobil Corp.*, 734 F.3d 237, 249 (4th Cir. 2013). Plaintiff filed her withdrawal notice after Defendant filed its notice of removal. The state court was without jurisdiction to act on Plaintiff's request. Additionally, Plaintiff's view of Maryland Rule 2-506 is incomplete. The rule provides, in relevant part:

> (a) A party who has filed a complaint . . . may dismiss all or part of the claim *without leave of court* by filing (1) a notice of dismissal at any time before the adverse party files an answer *or (2) a stipulation of dismissal signed by all parties to the claim being dismissed*.
>
> (b) Except as provided in section (a) of this Rule, a party who has filed a complaint . . . may dismiss the claim only by order of court and upon such terms and conditions as the court deems proper.

Maryland Rule 2-506 (emphases added). Because Defendant had filed an answer, the only avenues to voluntary dismissal of a

14

claim are through an order of court or stipulation by all parties. Both parties agree that the state court did not enter an order of dismissal. Defendant argues that, while it did not sign a stipulation of dismissal, its assent to dismissal can be inferred from its desire to dismiss this claim as stated in its motion for summary judgment.

The Court of Special Appeals of Maryland has held that neither a formal order of dismissal nor a signed stipulation of dismissal is necessary to effectuate a voluntary dismissal where the defendant's consent to dismissal can be inferred from its actions. *See Pharmaceia Eni Diagnostics, Inc. v. Washington Suburban Sanitary Comm'n*, 85 Md.App. 555, 565 (1991), *overruled in part on other grounds by Maryland-National Capital Park & Planning Comm'n v. Town of Wash. Grove*, 408 Md. 37 (2009). In *Pharmaceia*, the Court of Special Appeals upheld the trial court's dismissal where the defendant failed to object to plaintiff's notice of dismissal and admitted that the suit was dismissed in a subsequent suit.

In the instant case, Defendant argued to the state court that Plaintiff's workers' compensation claim should be dismissed because Plaintiff failed to present any evidence in support of that claim. Plaintiff's opposition stated that she was not addressing Defendant's arguments because she was dismissing the workers' compensation claim which she did by filing a separate

15

notice of dismissal on the same day. This is exactly what Defendant sought in its motion for summary judgment. The Defendant immediately removed this action, noting that Plaintiff's state law claim was dismissed on September 18, 2013. (ECF No. 4 ¶ 8). Consequently, it is fair to infer Defendant's consent to Plaintiff's notice of dismissal of her workers' compensation claim. To the extent that Plaintiff was eligible to reverse course and withdraw that notice of dismissal, that withdrawal was filed in state court after Defendant filed its removal notice and is without effect in this court. In sum, Plaintiff's workers' compensation claim has been dismissed.

Accordingly, it is this 12th day of December, 2013, by the United States District Court for the District of Maryland, ORDERED that:

1. The motion to remand filed by Plaintiff Diana M. Nicely (ECF No. 69) BE, and the same hereby IS, DENIED;

2. Only Plaintiff's claim for a violation of the Family and Medical Leave Act was removed to this court; and

3. The clerk is directed to transmit copies of this Memorandum Opinion and Order to counsel for the parties.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge